IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED OPTICAL TRACKING, LLC, | § | Civil Case No. _____ |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| MOSER BAER INDIA, LIMITED and | § | |
| MEDIA MASTERS, LLC, | § | |
| | § | |
| Defendants. | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Advanced Optical Tracking, LLC, by way of its Complaint for Patent Infringement ("Complaint") against Defendants Moser Baer India, Limited and Media Masters, LLC, alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff Advanced Optical Tracking, LLC ("AOT") is a Delaware limited liability company with a place of business at 1220 N. Market Street, Suite 806, Wilmington, Delaware 19801.

3. Upon information and belief, Defendant Moser Baer India, Limited ("Moser Baer") is a corporation organized under the laws of India with a principal place of business at 43B Okhla Industrial Estate, New Delhi, India 110 020.

4. Upon information and belief, Defendant Media Masters, LLC ("Media Masters") is a limited liability company organized under the laws of Delaware with a principal place of

1

business in Sioux Falls, South Dakota.  On information and belief Media Masters is Moser Baer's authorized United States representative and distributor.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(c) and 1400(b).

7. On information and belief, Moser Baer and Media Masters are subject to the jurisdiction of this Court by reason of their acts of patent infringement which have been committed in this Judicial District, and by virtue of their regularly conducted and systematic business contacts in this State.  As such, Moser Baer and Media Masters have purposefully availed themselves of the privilege of conducting business within this Judicial District; have established sufficient minimum contacts with this Judicial District such that they should reasonably and fairly anticipate being haled into court in this Judicial District; have purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

## THE PATENT-IN-SUIT

8. On January 24, 2006, U.S. Patent No. 6,990,058 (the "'058 Patent"), entitled "Structure and Method for Storing Data on Optical Disks," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '058 Patent is attached as Exhibit A to this Complaint.

9. AOT is the assignee and owner of the right, title and interest in and to the '058 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,990,058

10. The allegations set forth in the foregoing paragraphs 1 through 9 are hereby realleged and incorporated herein by reference.

### MOSER BAER

11. In violation of 35 U.S.C. § 271, Defendant Moser Baer has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '058 Patent by making, using, selling and offering for sale in the United States, including in this Judicial District, and importing into the United States, products that practice the subject matter claimed in one or more claims of the '058 Patent (the "'058 Accused Products"), including but not limited to claim 1, without the authority of AOT. The '058 Accused Products include, without limitation, Blu-Ray Recordable (BD-R) and Blu-Ray Rewritable (BD-RE) discs, including but not limited to Moser Baer-branded BD-R discs and BD-RE discs.

12. AOT provided actual notice to Moser Baer of its infringement of the '058 Patent in a letter sent by certified mail on October 25, 2012.

13. Moser Baer has had actual knowledge of the '058 Patent and its infringement of that patent since at least the date that Moser Baer received the October 25, 2012 letter.

14. Upon information and belief, Moser Baer has induced and continues to induce others to infringe at least claim 1 of the '058 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, Moser Baer's suppliers, distributors, and resellers of '058 Accused Products whose making, using, selling and offering for sale in the United States, and

importing into the United States the '058 Accused Products constitutes direct infringement of at least claim 1 of the '058 Patent.  In particular, Moser Baer's actions that aid and abet others to infringe include entering into, performing, and requiring performance under manufacturing, supply, and distribution agreements for the '058 Accused Products.  On information and belief, Moser Baer has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Moser Baer has had actual knowledge of the '058 Patent and that its acts were inducing others to infringe the '058 Patent since at least the date it received the notice letter from AOT notifying Moser Baer that the '058 Accused Products infringed the '058 Patent.

15. AOT has been harmed by Moser Baer's infringing activities.

16. AOT provided notice of infringement of the '058 Patent to Moser Baer, but Moser Baer thereafter continued to infringe the patent.  On information and belief, Moser Baer's infringement has been and continues to be willful.

## MEDIA MASTERS

17. In violation of 35 U.S.C. § 271, Media Masters has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '058 Patent by making, using, selling and offering for sale in the United States, including in this Judicial District, and importing into the United States without the authority of AOT the '058 Accused Products.

18. AOT provided actual notice to Media Masters of its infringement of the '058 Patent in a letter sent by certified mail on October 25, 2012.

19. Media Masters  has had actual knowledge of the '058 Patent and its infringement of that patent since at least the date that Media Masters received the October 25, 2012 letter.

20. Upon information and belief, Media Masters has induced and continues to induce others to infringe at least claim 1 of the '058 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, Media Masters' suppliers, distributors, and resellers of '058 Accused Products whose making, using, selling and offering for sale in the United States, and importing into the United States the '058 Accused Products constitutes direct infringement of at least claim 1 of the '058 Patent.  In particular, Media Masters' actions that aid and abet others to infringe include entering into, performing, and requiring performance under manufacturing, supply, and distribution agreements for the '058 Accused Products.  On information and belief, Media Masters has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Media Masters has had actual knowledge of the '058 Patent and that its acts were inducing others to infringe the '058 Patent since at least the date it received the notice letter from AOT notifying Media Masters that the '058 Accused Products infringed the '058 Patent.

21. AOT has been harmed by Media Masters' infringing activities.

22. AOT provided notice of infringement of the '058 Patent to Media Masters, but Media Masters thereafter continued to infringe the patent.  On information and belief, Media Masters' infringement has been and continues to be willful.

## JURY DEMAND

AOT demands a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** AOT prays for judgment as follows:

a. An adjudication that Defendants Moser Baer and Media Masters have infringed the '058 Patent;

b. An award of damages to be paid by Moser Baer and Media Masters adequate to compensate AOT for past infringement of the '058 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

c. An order that Defendants Moser Baer and Media Masters pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

d. An award of treble damages under 35 U.S.C. § 284;

e. A declaration finding this to be an exceptional case, and awarding AOT attorney fees under 35 U.S.C. § 285; and

f. For such further relief at law and in equity as the Court may deem just and proper.

Dated: December 11, 2012                STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Advanced Optical Tracking, LLC*